UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN THE MATTER OF CENAC TOWING CO., LLC | * | CIVIL ACTION |
|  | * | NO. 25-2392 |
|  | * | SECTION "H" (2) |

## ORDER AND REASONS

Pending before me is Claimant Robert Richard's motion to compel discovery.  ECF No. 25.  Petitioner Cenac Towing Co., LLC timely filed an Opposition Memorandum, and Richard filed a Reply Memorandum.  ECF Nos. 26-27.  No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Claimant's motion to compel discovery is DENIED for the reasons stated herein.

## I.    BACKGROUND

Petitioner Cenac Towing Co., LLC, as the owner of several vessels, filed a petition for exoneration or limitation of liability after Claimant Robert Richard filed suit alleging that he contracted acute myeloid leukemia after being exposed to benzene while working on Petitioner's vessels.  ECF No. 1 ¶¶ 7-9.  Claimant filed an Answer and Claim seeking to recover for his personal injuries.  ECF No. 5.  The Court issued a Scheduling Order setting trial for January 11, 2027, with a discovery deadline of October 30, 2026.  ECF No. 15.

Claimant filed this motion to compel relating to discovery issued April 16, 2026, asserting that Petitioner has failed to answer interrogatories, produce readily available requested documents, and produce a Rule 30(b)(6) witness to identify other benzene lawsuits.  ECF No. 25; No. 25-1 at 1-2.  Claimant argues information about other benzene exposure suits is relevant and admissible.  ECF No. 25-1 at 6-7.

1

Claimant raises issues with only Interrogatory No. 15 and Topic 13 of the Rule 30(b)(6)

Notice of Deposition.  ECF No. 25-1 at 2.  Interrogatory No. 15 and the response read:

> INTERROGATORY NO. 15
> Please identify all benzene exposure claims against CENAC from 1993 through present.

> ANSWER TO INTERROGATORY NO. 15
> Cenac objects to this Interrogatory as overly broad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in that the temporal element requests infonnation regarding benzene exposure claims post-dating the relevant alleged exposure period of ending in 2000. Subject to and without waiver of said objections, Cenac states that after a reasonable and diligent search of available records, it has been unable to identify information responsive to this Interrogatory and further avers that it does not maintain, in the ordinary course of business, records or information responsive to Interrogatory.

ECF No. 25-2 at 9.

Topic No. 13 reads:

> Information regarding any and all other claims or lawsuits filed against [Petitioner] for benzene exposure and the contraction of cancers, including: multiple myeloma, leukemia, or lymphoma, or any other blood cancer.

ECF No. 25-3 at 2.

Document Request No. 13 reads:

> Please produce a copy of all documents regarding any and all other claims or lawsuits filed against [Petitioner] for benzene exposure and the contraction of cancers, including: multiple myeloma, leukemia, or lymphoma, or any other blood cancer.

ECF No. 25-3 at 5.

In Opposition, Petitioner argues that Claimant improperly seeks a blanket order compelling

answers to "all" interrogatories and requests for production and to create documents that do not

exist regarding events dating back to 1993.  ECF No. 26 at 3.  Petitioner also argues that the motion

seeks materials that do not exist, are not maintained in the ordinary court of business, are not

proportional to the needs of the case, and improperly seeks a second Rule 30(b)(6) deposition.  *Id.*

Further, it argues that, after conducting a reasonable and diligent search of available records, it could not identify and does not maintain a compilation of all benzene claims from 1993 through present. *Id.* at 4-5. Petitioner asserts that its Rule 30(b)(6) designee's failure to personally look for the information, rather than others at the company, does not mean that Petitioner did not conduct a reasonable search. *Id.* at 5. It argues that a second Rule 30(b)(6) deposition is not proper, and its designee's responses does not reach the level of a non-appearance. *Id.* at 6. Finally, Petitioner argues that Claimant's request for identification of all benzene claims or cases is overbroad and irrelevant as Claimant has not established that any prior case is substantially similar (i.e., involve the same type of exposure, on the same premises, at the same time). *Id.* at 6-7.

In Reply, Claimant argues that Petitioner had a non-delegable duty to protect its workers from benzene exposure, it failed to do so, and it now seeks to hide the names of others injured workers to deny Claimant the opportunity to conduct discovery and locate potential witnesses. ECF No. 27 at 1-2. Claimant argues that counsel's own investigation revealed four other lawsuits involving benzene exposure, but because many cases are not on PACER or available in state court records, Petitioner must identify same, which it should be able to do since it has used the same attorney for decades. *Id.* at 2-4.

## II.    **APPLICABLE LAW**

### A.    **The Scope of Discovery**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this

3

scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). Rule 26(b)(2)(C)(i)–(iii) directs the Court to limit the frequency or extent of discovery otherwise allowed, if it determines: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery had ample opportunity to obtain the information; or (3) the proposed discovery is outside the scope of Rule 26(b)(1).

The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[1] This broader scope is necessary given the nature of litigation, where determinations of relevance for discovery purposes are made well in advance of trial; facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[2] At the discovery stage, relevance includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[3] Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[4] If relevance is in doubt, the court should be permissive in allowing discovery.[5]

In certain types of cases, past claims or litigation may well be relevant. For instance, a plaintiff attempting to establish a custom or policy rather than isolated event for purposes of *Monell* liability would be entitled to discover information about past claims against defendants.[6] Likewise, a plaintiff's history of making discrimination complaints against employers could be

---

[1] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).
[2] *Id.* n.5 (citation modified).
[3] *Id*. (citations modified).
[4] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *3 (E.D. La. Nov. 21, 2017) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)).
[5] *E.E.O.C. v. Simply Storage Mgmt., L.L.C.*, 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'r, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987) (internal quotations omitted)).
[6] *See, e.g.,*, *Maurer v. St. Tammany Par. Sch. Bd.*, No. 19-13479, 2020 WL 12801030, at *2-3 (E.D. La. June 26, 2020) (citing cases).

relevant to a current defendant's discrimination defense to show motive, state of mind, credibility, modus operandi, and to cast doubt on a plaintiff's claim for emotional damages.[7]  Similarly, in *Dollar v. Long Mfg., N.C., Inc.*, cited by Claimant, the Fifth Circuit recognized that, when causation is at issue, the existence and details of other injuries and deaths resulting from the use of the same or substantially similar alleged product may be relevant to prove causation and rebut an opposing causation theory.[8]  And in *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, the Fifth Circuit allowed the plaintiff to discover the defendant's litigation history against his former attorneys in its lawsuit seeking to collect legal fees, reasoning that the evidence demonstrated a habit or routine practice and was relevant to establish the defendant's conduct was in conformity with a habit or routine practice.[9]  Discovery regarding prior lawsuits is thus relevant when those lawsuits involve similar claims, are used to establish a pattern or habit or routine, or are necessary to assess credibility.

Courts routinely deny litigation history discovery, however, where there is no showing that the other litigation involves substantially similar claims.[10]  Litigation history is thus often found to be neither relevant nor proportional to the needs of the case.[11]  Moreover, the 2015 amendments

---

[7] *Williams v. United States Env't Servs., LLC*, No. 15-168, 2016 WL 684607, at *8 (M.D. La. Feb. 18, 2016) (citing cases).

[8] 561 F.2d 613, 617 (5th Cir. 1977).

[9] 894 F.2d 1482, 1484 (5th Cir. 1990); *see also, e.g., Orleman v. Jumpking, Inc.*, No. 99-2522, 2000 WL 1114849, at *2 (D. Kan. July 11, 2000) (holding prior lawsuits involving the same make and model of trampoline as the one at issue in the lawsuit were discoverable).

[10] *See Paul v. Stewart Enters., Inc.*, No. 99-3441, 2000 WL 1171120, at 1 (E.D. La. Aug. 16, 2000) (precluding discovery of prior lawsuits involving claims of sexual discrimination and harassment since the plaintiffs failed to demonstrate how such claim could possibly be relevant to their claims of race discrimination and noting that evidence concerning other employees is only relevant if the other employees are "similarly situated" to plaintiffs); *see also RSUI Indem. Co. v. Am. States Ins. Co.*, No. 12-2820, 2015 WL 1781621, at *3 (E.D. La. Apr. 18, 2015) (denying discovery of primary insurer defendant's request for identification of all prior lawsuits involving traumatic brain injury or suits against a certain firm because they were not relevant); *Banks v. Toscano*, No. 19-274, 2019 WL 13213313, at *3 (E.D. La. Nov. 20, 2019) (denying request for 5 years' of litigation history where same had no relevance to the claims and defenses and the information would be available through search of public court records); *Diversified Maint. Sys., Inc. v. J. Star Enters., Inc.*, No. 22-959, 2023 WL 2731705, at *8 (E.D. La. Mar. 2, 2023) (limiting litigation history request to prior 5 years litigation relating to failure to pay subcontractors for completed work)

[11] *See, e.g., Cenac v. Orkin, LLC*, No. 15-4521, 2017 WL 11537967, at *1-2 (E.D. La. Oct. 16, 2017) (denying motion to compel seeking information regarding every lawsuit filed against Orkin in the last ten years that relates or refers to

to Rule 26 must be considered in the analysis.  "The 2015 Amendments to Fed. R. Civ. P. 26(b) . . . shrunk the scope of permissible discovery."[12]  Applying the post-2015 discovery standard, courts have more frequently circumscribed discovery concerning prior litigation, limiting same to situations where the prior litigation may be relevant to preexisting injury or causation defenses, and then only if proportional to the needs of the case.[13]

### A. __Rule 30(b)(2)__

Rule 30(b)(2) authorizes a Notice of Deposition to include a request for documents under Rule 34:  "The notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition."  Rule 34(b)(2)(A), however, specifies that a party must respond in writing "within 30 days after being served" unless a longer or shorter time is stipulated to by the parties or ordered by the court.

The proper procedure for obtaining documents from a party in conjunction with a deposition is thus to serve a request, pursuant to Rule 34, and allow 30 days within which to respond.  A party may not circumvent Rule 34's 30-day response period by issuing a document request to accompany a notice of deposition scheduled in fewer than 30 days.[14]

---

(a) damage caused by termites or (b) Orkin's obligation to repair or cover property damage caused by termites); *Greater New Orleans Fair Hous. Action Ctr., Inc. v. Dorian Apartments, LLC*, No. 15-6406, 2016 WL 6157534, at *5 (E.D. La. Oct. 24, 2016) (limiting past litigation request to prior discrimination claims); *N. Am. Specialty Ins. Co. v. Iberville Coatings, Inc.*, No. 99-859, 2002 WL 34423316, at *5 (M.D. La. Mar. 22, 2002) (denying request for all lawsuits filed against defendant in the last 10 years on the basis that same has no relevance to issue of whether defendant properly denied coverage in this case); *see also FDIC v. McCulloch*, 168 F.R.D. 516, 526 (E.D. Pa. 1996) (finding that allowing discovery of other actions concerning completely different facts and circumstances runs counter to Rule 1 of the Federal Rules of Civil Procedure).

[12] *Vinet v. BP Expl. & Prod. Inc.*, No. 18-9527, 2019 WL 3574294, at *4 (E.D. La. Aug. 6, 2019).

[13] *Id.* at *5.

[14] *Thomas v. WSFM, L.L.C.*, No. 07-1336, 2008 WL 821948, at *1 (E.D. La. Mar. 26, 2008) (finding deposition notice defective for several reasons, including a request to produce documents with 5 days' notice); *see also Rahman v. Allstate Ins. Co.*, No. 22-2052, 2023 WL 6582993, at *5 (E.D. La. Oct. 10, 2023) (recognizing that a Rule 30(a)(2) request for documents must allow 30 days to respond as required by Rule 34); *Geiger v. RP Ent., LLC*, No. 21-145, 2022 WL 22879681, at *1 (W.D. Tex. Feb. 16, 2022) (quashing document request accompanying deposition notice that allowed only five days to respond); *CPC Reference Lab'ys, Inc. v. Lab'y Corp. of Am.*, No. 07-65, 2009 WL 10675389, at *1 (N.D. Miss. June 26, 2009) (issuing protective order for Rule 30(b)(2) document request that allowed fewer than 30 days within which to respond); *Republic Ins. Co. v. Hous. Auth. of New Orleans*, No. 08-4748, 2013 WL 12231648, at *2 (E.D. La. June 7, 2013) (same).

### B. <u>Duties in Responding to Written Discovery</u>

Both Rules 33 and 34 require a party to serve responses within 30 days of service, absent court order or stipulation. FED. R. CIV. P. 33(b)(2); 34(b)(2)(A). A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld.[15]

"Discovery by interrogatory requires candor in responding. . . . The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information."[16] Although a party responding to interrogatories is not required to make an extensive investigation in responding to an interrogatory, it must review all sources of responsive information reasonably available and provide the responsive, relevant facts reasonably available.[17] The fact that an interrogatory calls for a thorough response—one that will take time and effort to answer—does not make it improper.[18] Where an interrogatory answer "'as a whole discloses a conscientious endeavor to understand the question and to answer fully that question,' a party's obligation under Rule 33 is satisfied."[19]

Likewise, a party responding to requests for production must produce responsive documents within that party's actual or constructive possession, custody or control, which

---

[15] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citation omitted).
[16] *Dollar*, 561 F.2d at 616.
[17] *Lopez*, 327 F.R.D. at 579 (citing 8B WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2174 (3d ed. 2013)).
[18] *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016) (citing *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 307-08 (5th Cir. 1973)).
[19] *Id.* (citation modified) (quoting *Meltzer/Austin Rest. Corp. v. Benihana Nat'l Corp.*, No. 11-542, 2013 WL 2607589, at *3 (W.D. Tex. June 10, 2013) (quoting 8B WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2177 (3d ed. 2010))).

production must occur "no later than the time for inspection specified in the request or another reasonable time specified in the response."  FED. R. CIV. P. 34(a)(1), (b)(2)(B).  A party has "control" over documents or materials that it has the legal right to obtain even though it has no copy and even if the documents are owned or possessed by a nonparty.[20]  Thus, documents owned or possessed by agents, attorneys, hired consultants, and other third parties hired by a party that the party can reasonably obtain the requested information from upon request fall within that party's custody or control.[21]  The key is whether the responding party could come into possession of the requested document upon reasonable inquiry.[22]

The Court cannot, however, compel a party to produce documents that do not exist.[23]  And while Rule 34, or by extension Rule 30(b)(2), does not require another party to create or prepare a new or previously non-existent document solely for production,[24] requiring a party to search a database and provide the results does not require creation of a new document beyond the scope of Rule 34.[25]  When an officer of the court represents that documents do not exist, courts may require

---

[20] *Becnel v. Salas*, No. 17-17965, 2018 WL 691649, at *3 (E.D. La. Feb. 2, 2018) (citations omitted); *Est. of Monroe v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004) (citation omitted).

[21] *Becnel*, 2018 WL 691649, at *3 (noting that control extends to materials over which the subject party has the legal right to obtain even though she has no copy (citing cases)); *Dillard Univ. v. Lexington Ins. Co.*, No. 06-4138, 2008 WL 11350306, at *1 (E.D. La. Mar. 27, 2008) (finding materials provided to consultants within that party's possession, custody, or control (citing cases)).

[22] *Ruby Slipper Cafe, LLC v. Belou*, No. 18-1548, 2020 WL 4905796, at *4 (E.D. La. Jan. 15, 2020) (citing *Becnel*, 2018 WL 691649, at *3 ("Rule 34's definition of possession, custody, or control, includes more than actual possession or control of [documents]; it also contemplates a party's legal right or practical ability to obtain [documents] from a [non-party] to the action")).

[23] *Butler v. La. Dep't of Pub. Safety & Corr.*, No. 12-420, 2014 WL 3867552, at *1 (M.D. La. Aug. 6, 2014); *Payne v. Forest River, Inc.*, No. 13-679, 2015 WL 1912851, at *4 (M.D. La. Apr. 22, 2015) ("The court cannot order the production of documents that no longer exist or, despite a diligent search, cannot be found in the possession, custody, or control of a party."); *Callais v. United Rentals N. Am., Inc.*, No. 17-312, 2018 WL 6517446, at *7 (M.D. La. Dec. 11, 2018) (same); *Terral v. Ducote*, No. 15-2366, 2016 WL 5017328, at *2 (W.D. La. Sept. 19, 2016) (same).

[24] *Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 227 (N.D. Tex. 2016) (citing *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-1644, 2010 WL 502721, at *14 (D. Colo. Feb. 8, 2010) (collecting cases); *Marchese v. Sec'y, Dep't of the Interior*, No. 03-3082, 2004 WL 2297465, at *4 (E.D. La. Oct. 12, 2004) ("Rule 34 does not require a party responding to discovery to create responsive materials, only to produce those in its possession, custody or control.")).

[25] *Humphrey v. LeBlanc*, No. 20-233, 2021 WL 3560842, at *3 (M.D. La. Aug. 11, 2021) (citing *Apple Inc. v. Samsung Elecs. Co.*, No. 12-630, 2013 WL 4426512, at *3 (N.D. Cal. Aug. 14, 2013) ("While this court has held that a party should not [be] required to create completely new documents, that is not the same as requiring a party to query an

8

a certification or "confirm[ation]" that the discovery at issue does not exist.[26]

### C. __Rule 30(b)(6)__

The Fifth Circuit has explained that the purpose of Rule 30(b)(6) is to streamline the discovery process by allowing for a specialized form of deposition.[27] This rule gives the corporation being deposed "more control by allowing it to designate and prepare a witness to testify on its behalf."[28] Further, it alleviates the opposing party from "having to play a frustrating game of blind man's bluff in naming the appropriate corporate officer to be deposed or from being bandied from pillar to post by deposition witnesses who disclaim personal knowledge on topics with which others in the corporation are familiar."[29]

The party seeking to depose an organization "must describe with reasonable particularity the matters for examination."[30] In response, the entity must designate an agent or other person to testify on its behalf "about information known or reasonably available to the organization."[31] As the Fifth Circuit has explained:

> [A corporate defendant] must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by the party noticing the deposition and to prepare those persons in order that they can answer fully,

---

existing dynamic database for relevant information. Courts regularly require parties to produce reports from dynamic databases . . ."); *Bean v. John Wiley & Sons Inc.*, No. 11-8028, 2012 WL 129809, at *1 (D. Ariz. Jan. 17, 2012) (finding that with regard to production of ESI, Rule 34 "explicitly places the burden of translating the data on the responding party" and that "spreadsheets are generally a useable form"); *In re eBay Seller Antitrust Litig.*, No. 07-1882, 2009 WL 3613511, at *2 (N.D. Cal. Oct. 28, 2009) (finding that the magistrate judge did not clearly err in compelling production of new dataset of records from database, noting "[t]he Federal Rules of Civil Procedure clearly contemplate the production of information from dynamic databases")).

[26] *Nguyen v. La. State Bd. of Cosmetology*, No. 14-80, 2016 WL 67253, at *2 (M.D. La. Jan. 5, 2016) (requiring plaintiff to "confirm that the requested information does not exist"); *see Callais*, No. 2018 WL 6517446, at *7 (ordering qualified representative to provide a sworn certification that no responsive documents exist); *Brookshire v. Jackson Pub. Schs.*, No. 13-772, 2015 WL 11018443, at *1 (S.D. Miss. May 8, 2015) ("If the document does not exist, then Defendants are to certify that the document does not exist."); *Beasley v. First Am. Real Est. Info. Servs., Inc.*, No. 04-1059, 2005 WL 1017818, at *4 (N.D. Tex. Apr. 27, 2005) ("[D]efendant is entitled to an unequivocal representation . . . that the documents specified in this request for production do not exist.").

[27] *Johnson v. Big Lots Stores, Inc.*, No. 04-3201, 2008 WL 6928161, at *2 (E.D. La. May 2, 2008) (citing *Resol. Tr. Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993)).

[28] *Id.* (citation modified) (citing *United States v. Taylor*, 166 F.R.D. 356, 360 (M.D.N.C. 1996)).

[29] *Id.* (citing *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 432-33 (5th Cir. 2006)).

[30] FED. R. CIV. P. 30(b)(6).

[31] *Id.*

9

completely, unevasively, the questions posed . . . as to the relevant subject matters. The duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.[32]

If the organization objects to any matter set forth in the deposition notice, it bears the burden of demonstrating that the notice is objectionable or insufficient and may file a motion for a protective order pursuant to Rule 26(c) in order to make that showing.[33]

In light of the burden placed on the corporate deponent by Rule 30(b)(6), the rule preliminarily imposes a duty to identify with reasonable particularity the specific categories or topics for inquiry.[34] This enables the corporate entity to fulfill its obligations to choose and prepare a deponent:

> For Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute. Otherwise, an overly broad Rule 30(b)(6) notice may subject the noticed party to an impossible task. If the noticed organization cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible.[35]

The effectiveness of Rule 30(b)(6) "bears heavily upon the parties' reciprocal obligations" to identify topics with particularity and prepare witnesses in good faith.[36] When the notice sufficiently informs the entity of the matters that will be inquired into at the depositions so that it

---

[32] *Brazos River Auth.,* 469 F.3d at 433 (citations modified).

[33] *Westheimer Regency I, L.P. v. Great Lakes Reinsurance (UK) SE*, No. 18-14, 2018 WL 7198643, at *1 (W.D. Tex. Aug. 20, 2018) (citations omitted).

[34] *Pauls v. Prudential Ins. Co. of Am.*, No. 16-2116, 2016 WL 6397564, at *4 (N.D. Tex. Oct. 28, 2016) (citing FED. R. CIV. P. 30(b)(6)).

[35] *Id.* (quoting *Hartford Fire Ins. Co. v. P & H Cattle Co.*, No. 05-2001, 2009 WL 2951120, at *10 (D. Kan. Sept. 10, 2009)); *see also Marti v. Schreiber/Cohen, LLC*, No. 18-40164, 2020 WL 3412748, at *3 (D. Mass. Mar. 17, 2020) (identifying topics as "all communications" does not meet the reasonable particularity requirement because it seeks testimony regarding unidentified and broadly classified communications).

[36] *Lipari v. U.S. Bancorp, N.A.*, No. 17-2146, 2008 WL 4642618, at *5 (D. Kan. Oct. 16, 2008) (citations omitted); *see also Fed. Ins. Co. v. Delta Mech. Contractors, LLC*, No. 11-048, 2013 WL 1343528, at *4 (D.R.I. Apr. 2, 2013) (citation omitted) (noting that "it is simply impractical to expect Rule 30(b)(6) witnesses to know the intimate details of everything."); *Dealer Comput. Servs., Inc. v. Curry*, No. 12-3457, 2013 WL 499520, at *2 (S.D. N.Y. Feb. 7, 2013) ("A [30(b)(6)] deposition is not a quiz, nor is it the most practical way to obtain [all types of] information.").

can determine the identity and number of persons whose presence will be necessary to provide an adequate response, the particularity requirement has been met.[37]   Courts have not, however, hesitated to issue protective orders when an entity is asked to respond to overly broad or unfocused Rule 30(b)(6) deposition notices,[38] rejecting the assertion that the rule authorizes "burdening the responding party with production and preparation of a witness on every facet of the litigation."[39]

III.   **ANALYSIS**

Initially, Claimant's document request accompanying the Rule 30(b)(6) notice improperly failed to allow Petitioner 30 days within which to respond.  As such, the motion to compel as to the requested documents must be denied on that procedural basis alone.

As to the relevance and proportionality, Claimant worked on Petitioner's vessels from 1995 through 2000.  ECF No. 5 at 6 (¶ 4).  In this motion, he asserts that other benzene claims and lawsuits for the past 33 years are relevant to causation (i.e., whether benzene can cause acute myeloid leukemia) and to establish that Petitioner grossly failed to comply with coast guard standards and exposed workers to unsafe benzene levels.  ECF No. 25-1 at 3, 6-7.

---

[37] *Rivas v. Greyhound Lines, Inc.*, No. 14-166, 2015 WL 13710122, at *3 (W.D. Tex. Nov. 19, 2015) (quoting *Mitsui & Co. (U.S.A.), Inc. v. P.R. Water Res. Auth.*, 93 F.R.D. 62, 66 (D.P.R. 1981)); *Mitsui*, 93 F.R.D. at 66 (finding that notices were sufficient to inform defendant "of the matters which will be inquired into at the depositions so that [defendant] can determine the identity and number of persons whose presence will be necessary to provide an adequate response to any of [plaintiff's] potential questions.").

[38] *Lipari*, 2008 WL 4642618, at *6; *see also In re Indep. Serv. Orgs. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996) (granting protective order where plaintiff's attempt to discover facts underlying defendant's defenses and counterclaims through a Rule 30(b)(6) deposition was "overbroad, burdensome, and a highly inefficient method through which to obtain otherwise discoverable information"); *RM Dean Farms v. Helena Chem. Co.*, No. 11-00105, 2012 WL 169889, at *1 (E.D. Ark. Jan. 19, 2012) (granting protective order where "[t]he 30(b)(6) notice would require [defendant] to produce a corporate representative or corporate representatives to testify on topics so vast in number, so vast in scope, so open ended, and so vague that compliance with the notice would be impossible").

[39] *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-1846, 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012) (noting that an entity's task to prepare its witness in compliance with Rule 30(b)(6) "becomes less realistic and increasingly impossible as the number and breadth of noticed subject areas expand"); *accord. Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000) ("An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task."); *Acton v. Target Corp.*, No. 08-1149, 2009 WL 5214419, at *4 (W.D. Wash. Dec. 22, 2009) (finding it impossible to properly prepare one or more deponents to testify on 96 noticed topics without undue burden and expense.).

11

To establish causation, however, the law requires that Claimant demonstrate much more than other workers suffered similar medical conditions.[40]  Indeed, the Fifth Circuit has made clear that expert testimony is required to establish general causation in toxic tort cases.[41]  Setting aside varying employment histories and exposure levels of other litigants, other plaintiffs' alleged exposures to benzene at different times, on different vessels, and at different locations renders any other claim too dissimilar to have any relevance to this case.  Nor is other litigation sufficient to demonstrate that Petitioner failed to comply with coast guard safety standards.  And to the extent Claimant seeks information regarding past litigation to demonstrate Petitioner's knowledge of benzene exposure risks, then only the cases pending between 1995 through 2000 would be relevant given that those 5 years is the only period within which Claimant worked for Petitioner.  Even if Claimant had established that other cases were somehow relevant, the request for 33+ years of litigation history is not proportional to the needs of the case.

For these reasons, the request for information regarding all benzene exposure claims or lawsuits over a 33-year period exceeds the bounds of permissible bounds of discovery under Rule 26 as the request seeks information that is neither relevant to any pending claim or defense nor is it proportional to the needs of the case.  Having found that 33+ years of litigation history does not fall within the appropriate scope of discovery under Rule 26, it is not necessary to address whether Petitioner failed to present a properly prepared Rule 30(b)(6) witness.

---

[40] *See, e.g.*, *Ruffin v. BP Expl. & Prod., Inc.*, 176 F.4th 855, 860 (5th Cir. 2026) (discussing both the general and specific causation evidence necessary to establish a defendant's liability for a toxic tort); *Williams v. BP Expl. & Prod., Inc.*, 143 F.4th 593, 598 (5th Cir. 2025) (same); *Seaman v. Seacor Marine L.L.C.*, 326 F. App'x 721, 723 (5th Cir. 2009) (recognizing that, because lay fact-finder cannot be expected to understand medical causation, expert testimony is required to establish causation (citations omitted)).

[41] *See, e.g.*, *McGill v. BP Expl. & Prod., Inc.*, 830 F. App'x 430, 433-34 (5th Cir. 2020) (affirming summary judgment where plaintiff lacked admissible expert testimony on general causation); *Ruffin*, 176 F.4th at 862 (stating that an expert must proffer a reliable opinion that the chemical at issue can cause the disease at exposure levels that a human could realistically have experienced to support general causation in toxic tort case).

IV.    **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Claimant Robert Richard's motion to compel discovery is DENIED.

Dated  this  ___12th___  day of August, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

13